## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL 2170 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| | * | JUDGE BARBIER |
| This Document Relates To: | * | |
| *Pleading Bundle B1* | * | MAG. JUDGE SHUSHAN |

_____

| | | |
|---|---|---|
| HOS PORT, LLC. | * | |
| | * | CIVIL ACTION NO. _____ |
| Plaintiff, | * | |
| | * | SECTION: J |
| vs. | * | |
| | * | JUDGE BARBIER |
| BP EXPLORATION & PRODUCTION, | * | |
| INC.; BP AMERICA PRODUCTION | * | MAG. JUDGE SHUSHAN |
| COMPANY; BP P.L.C | * | |
| | * | |
| Defendants | * | |

_____

## COMPLAINT FOR DAMAGES

NOW COMES PLAINTIFF, ***HOS PORT, LLC***, through undersigned counsel, who alleges as follows:

### NATURE OF THE ACTION

1.      On or about April 20, 2010, a well blowout on the vessel Deepwater Horizon in the Gulf of Mexico and subsequent explosions, fire and sinking of the vessel resulted in an oil spill of unprecedented proportions (the "Oil Spill").

2.      Plaintiff, whose principal business is to provide vessel support in the Gulf of Mexico has suffered economic injury, damage and/or losses as a direct and foreseeable result of the Oil Spill

1

and its impact on the marine and coastal environments.

3.      The full extent of the Oil Spill's impact is not yet known, and Plaintiff reserves its rights in full to amend this Complaint by, among other things, adding claims and defendants.

**PARTIES, JURISDICTION, AND VENUE**

4.      Plaintiff, **HOS PORT, LLC** (hereinafter "Plaintiff"), is a publicly traded company entity that is domiciled in Delaware with its principal place of business in St. Tammany Parish, Louisiana.

5.      Plaintiff brings these claims pursuant to Federal General Maritime Law including/and/or the Oil Pollution Act of 1990 ("OPA"), 33 USC §2701, et seq.

6.      Defendant, BP Exploration & Production, Inc. ("BP Exploration") is a Delaware corporation with its principal place of business in Warrenville, Illinois.  BP Exploration was designated as a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution of 1990, 33 U.S.C. §2714.  This court has personal jurisdiction over BP Exploration, because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

7.      Defendant, BP America Production Company ("BP America") is a Delaware corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

8.      Defendant BP p.l.c. is a British public limited company with its corporate headquarters in London, England.  BP p.l.c. is the global parent company of the worldwide business operating under the "BP" logo.  BP p.l.c. operates its various business divisions, such as the

"Exploration and Production" division within BP Exploration and BP America, through vertical business arrangements aligned by product or service groups. BP p.l.c.'s operations are worldwide, including in the United States. Defendants BP Exploration and BP America are wholly-owned subsidiaries of BP p.l.c. and are sufficiently controlled by BP p.l.c. so as to be BP p.l.c.'s agents in Louisiana and the U.S. more generally. Unless otherwise specified, BP Exploration, BP America, and BP p.l.c. are generally referred to herein collectively as "BP."

## JURISDICTION/VENUE

9.      Jurisdiction is proper in this Court and under 28 U.S.C. § 1332(a) because complete diversity exists among the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

10.      Jurisdiction also exists before this Court pursuant to the Oil Pollution Act ("OPA"), 33 U.S.C. § 2717(b).

11.      In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

12.      In addition, to the extent that any claims do not give rise to jurisdiction under 28 U.S.C. § 1331 and/or 33 U.S.C. § 2717(b), this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

13.      Venue is appropriate in this District under 28 U.S.C. § 1391 because Defendants do business herein, Plaintiff resides and does business herein, the injury or damages occurred herein, and the events or omissions giving rise to the claims asserted herein occurred in this district.

14.      Venue is also proper pursuant to OPA, 33 U.S.C. § 2717(b), as the injury or damages occurred in this district and/or the discharge occurred in this district.

15.      Venue is also appropriate in this District consistent with 28 U.S.C. § 1407 and the

2010 Transfer Order of the Judicial Panel on Multidistrict Litigation.  See In re Oil Spill by the Oil

Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, 731 F. Supp. 1352 (J.P.M.L.

2010), and this Court's Pretrial Order No. 20 (Rec. Doc. 904), which allows plaintiffs to directly file

their complaints arising out of the Oil Spill in this District.

16.     Jurisdiction exists before this Court pursuant to Article III, Section 2 of the United

States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and

maritime jurisdiction".

17.     Venue is proper in this jurisdiction because the defendants' actions, inactions, and

failures directly and proximately caused the damage and harm to Plaintiff in this jurisdiction.

## FACTUAL BACKGROUND

18.     BP is a "responsible party" for the Oil Spill under OPA, 33 U.S.C. § 2714.  Because

of the strict liability of responsible parties for damages due to and arising from the Oil Spill and its

environmental devastation, Plaintiff does not need to set forth factual allegations to support

culpability under OPA.

19.     As a direct and foreseeable result of the Oil Spill, Plaintiff has incurred injuries and

damages due to the significant negative impact that injury, loss, and destruction of real and personal

property as well as natural resources caused by the Oil Spill had on the Plaintiff's business activities

in the Gulf of Mexico.  Specifically the Spill's damaging environmental impact on the waters and

shores of the Gulf of Mexico significantly damaged the regular operating revenue stream for

Plaintiff.

20.     Oil flowed from the Macondo 252 well into the Gulf of Mexico for months.  As a

result of the Oil Spill's impact, Plaintiff's usual customer base of those making use of Plaintiff's

4

offshore support, supply and transportation services in the Gulf of Mexico were unwilling to risk investing significant sums in offshore operations.

21.     Moreover, while the Oil Spill was causing damage to the operating environment in the Gulf of Mexico, Plaintiff was unable to access capital markets in order to pursue growth initiatives.  For a sustained period following the Oil Spill, Plaintiff's market capitalization as represented by its price per share of common stock listed on the New York Stock Exchange was significantly less than Plaintiff's pre-Oil Spill market capitalization.

22.     Even after the well was capped, uncertainty remained in the Gulf region and this uncertainty about the Oil Spill's long-term environmental impacts and the impact on the offshore support, supply and transportation industry in the Gulf of Mexico have contributed to Plaintiff's already-incurred past damages.

23.     Plaintiff submits that all reasonable actions have been taken within its control to avoid and minimize all related costs and/or other damages claimed.

"Presentment" Under OPA

24.     To the extent required by law, and/or by consent and/or stipulation by BP, Plaintiffs have satisfied all of the administrative requirements of 33 U.S.C. §§ 2713(a) and (b) by the submission of their claims to the BP OPA Claims Program, the Deepwater Horizon Court-Supervised Settlement Program and/or the Gulf Coast Claims Facility.

25.     Plaintiff, out of an abundance of caution, made "presentment" of a Claim in accord with 33 USC §2702(b) and 2713, by submitting a description of the claim with a "sum certain" and some supporting documentation to Defendant BP as the "responsible party" under OPA via certified mail and email, on January 18, 2013, which BP failed to settle within 90 days.

The BP Exploration Deepwater Plea Agreement

26.     BP Exploration has entered into a Guilty Plea Agreement with the U.S. Department of Justice in connection with the Oil Spill.  In an exhibit to this Plea Agreement, BP Exploration admitted that if its case were to proceed to trial, the federal government could prove beyond a reasonable doubt that BP Exploration's negligence proximately caused the deaths of eleven men on board the Deepwater Horizon on April 20, 2010 and also proximately caused the discharge of large and harmful quantities of oil into the Gulf of Mexico, as well as a number of related facts overlapping with those alleged in and/or relevant to the allegations of this Complaint.  See Exhibit A to Guilty Plea Agreement, Rec. Doc. 2-1 in Case No. 2:12-cr-00292 (E.D. La. Nov. 15, 2012). The Court has accepted this Guilty Plea Agreement.  See Reasons for Accepting Plea Agreement, Rec. Doc. 65 in Case No. 2:12-cr-00292 (E.D. La. Jan. 30, 2013).  The BP Exploration Plea Agreement and the exhibits thereto are matters of public record, arise out of the same acts and omissions giving rise to Plaintiff's claims against BP Exploration, and are incorporated herein by reference.

## CLAIMS FOR RELIEF
## COUNT 1
## THE OIL POLLUTION ACT ("OPA")

27.     Plaintiffs re-allege each and every allegation set forth in all preceding paragraphs as if fully restated here.

28.     The Oil Pollution Act, 33 U.S.C. § 2701, et seq. (the "OPA"), imposes liability upon a "responsible party for a... vessel or a facility from which oil is discharged...into or upon navigable waters or adjoining shorelines" for the damages that result from such incident as well as removal costs. 33 U.S.C. § 2702.

29.    The Coast Guard has named BP as the responsible party for the downhole release of oil.  Therefore, BP is strictly liable pursuant to Section 2702 of the OPA for all the damages resulting from the Oil Spill.

30.    Moreover, in its "Statement of BP Exploration & Production Inc. Re Applicability of Limitation of Liability Under Oil Pollution Act of 1990," filed on October 19, 2010, BP waived the statutory limitation on liability under the OPA.

31.    Plaintiff has suffered the loss of profits and/or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources as a result of the Oil Spill.

32.    The damages recoverable under OPA include the costs of assessing the damages specified in Section 2702(b) and Plaintiff is entitled to recover the costs of assessing its damages under OPA.

33.    To the extent required by law, and/or by consent or stipulation by BP, Plaintiff has satisfied all of the administrative requirements of 33 U.S.C. §§ 2713(a) and (b) by the submission of their claims to the Gulf Coast Claims Facility (the "GCCF") and/or BP and/or its agents or designees.

**COUNT II**
**NEGLIGENCE**

34.    Plaintiff repeats, re-alleges and makes a part hereof each and every allegation contained in the preceding sections of this Action and incorporates same by reference as though fully set forth herein.

35.    All times material hereto, BP was participating in drilling operations onboard the

Deepwater Horizon in the Gulf of Mexico.  At all times material hereto, BP was under a duty to utilize reasonable care in undertaking and carrying out its collective and respective activities onboard the Deepwater Horizon.

36.     At all times material hereto the Deepwater Horizon was owned, navigated, manned, possessed, managed, controlled, chartered and/or operated by BP.

37.     At all times material hereto, BP's onshore and offshore oil drilling and exploration operations which involved locating, extracting, collecting, storing, and transporting pollutants and hazardous contaminants created an appreciable zone of risk within which BP was obligated to protect the Plaintiff, who was within the appreciable zone of risk created by BP's activities and would foreseeably be exposed to harm due to those risks.

38.     BP was under a duty of care to refrain from negligent conduct that would cause pollution of the waters, beaches, and natural resources of the Gulf of Mexico and the Gulf Coast.

39.     BP was under a duty to exercise reasonable care while participating in drilling operations to ensure that an Oil Spill and subsequent discharge of oil did not occur.

40.     BP was under a duty to exercise reasonable care to ensure that if crude oil discharged in the event of a blowout, that it would be contained and/or stopped within the immediate vicinity of the Deepwater Horizon in an expeditious manner.

41.     BP knew or should have known that the acts and omissions described herein could result in damage to Plaintiff.

42.     BP failed to exercise reasonable care while participating in drilling operations, and thereby breached duties owed to Plaintiff.

43.     BP failed to exercise reasonable care while participating in drilling operations to

ensure that a blowout and subsequent Oil Spill did not occur, and thereby breached duties owed to Plaintiff.

44.    BP failed to exercise reasonable care to ensure that oil would expeditiously and adequately be contained within the immediate vicinity of the Deepwater Horizon in the event of a blowout, and thereby breached duties owed to Plaintiff.

45.    BP failed to exercise reasonable care to ensure that adequate safeguards, protocols, procedures and resources would be readily available to prevent and/or mitigate the effects an uncontrolled oil spill into the waters of the Gulf of Mexico, and thereby breached duties owed to Plaintiff.

46.    BP was in violation of federal and/or state statutes and/or regulations.

47.    The blowout and subsequent Oil Spill was caused by BP and has resulted in an economic and ecological disaster that has directly and proximately caused injuries and damages to Plaintiff.

48.    As a result of the blowout and subsequent Oil Spill caused by BP, Plaintiff has suffered economic injury, damages and/or losses.

49.    Prior to the blowout and Oil Spill, BP had actual and/or constructive knowledge of the facts and circumstances leading to the Oil Spill. BP knew or should have known of no less than three flow indicators from the Deepwater Horizon's well in the hours and minutes before the explosion and Oil Spill, all of which were clear evidence of significant problems with the rig's drilling operations.

50.    At all times material hereto, Plaintiff had and continues to have a financial interest in the use and enjoyment of the Gulf of Mexico's and Gulf Coast's marine and coastal environments,

natural resources, beaches, estuarine areas.

51.     Plaintiff is entitled to a judgment that BP is liable to Plaintiff for damages suffered as a result of BP's negligence.  Plaintiff should be compensated for damages in an amount to be determined by the trier of fact, for BP's conduct.

## COUNT III
## NEGLIGENCE PER SE

52.     Plaintiff repeats, re-alleges and makes a part hereof each and every allegation contained in the preceding sections of this Action and incorporates same by reference as though fully set forth herein.

53.      BP's conduct with regard to the manufacture, maintenance, and/or participation of drilling operations and oil rigs such as the Deepwater Horizon is governed by numerous state and federal laws, and permits issued under the authority of these laws.

54.     These laws and permits create statutory standards that are intended to protect and benefit Plaintiff, among others.  BP violated these statutory standards.  Such violations constitute negligence per se.

55.     BP's violations of these statutory standards proximately caused Plaintiff's damages, warranting compensatory damages.

56.     Plaintiff is entitled to a judgment finding BP liable to Plaintiff for damages suffered as a result of BP's negligence per se and awarding Plaintiff adequate compensation in an amount to be determined by the trier of fact.

## COUNT IV
## GROSS NEGLIGENCE & WILLFUL MISCONDUCT

57.     Plaintiff repeats, re-alleges and makes a part hereof each and every allegation

10

contained in the preceding sections of this Action and incorporates same by reference as though fully set forth herein.

58.     BP owed and breached duties of ordinary and reasonable care to Plaintiff in connection with the maintenance of, and drilling operation on, the Deepwater Horizon, and additionally owed and breached duties to Plaintiff to guard against and/or prevent the risk of the Oil Spill.

59.     BP breached its legal duty to Plaintiff and failed to exercise reasonable care and acted with reckless, willful, and wanton disregard in the negligent maintenance and/or operation of the Deepwater Horizon.

60.     BP knew or should have known that its wanton, willful, and reckless misconduct would result in a blowout and oil spill, causing damage to those affected by the Oil Spill.

61.     As a result of BP's gross negligence, willful misconduct, and reckless disregard and the safety and health of the environment, Plaintiff suffered economic injury, damages, and/or losses.

62.     BP's gross negligence, willful misconduct, and reckless disregard and the safety and health of the environment proximately caused Plaintiff's injuries, warranting compensatory and punitive damages.

63.     Plaintiff is entitled to a judgment finding BP liable to Plaintiff for damages suffered as a result of BP's gross negligence and/or willful misconduct and awarding Plaintiff adequate compensation in an amount to be determined by the trier of fact, including punitive damages for BP's conduct.

## COUNT V
## STRICT LIABILITY

64.     Plaintiff repeats, re-alleges and makes a part hereof each and every allegation contained in the preceding sections of this Action and incorporates same by reference as though fully set forth herein.

65.     Upon information and belief, BP participated in ultra-deepwater drilling operations at the site of the Deepwater Horizon.

66.     BP's operations at the site of the Deepwater Horizon constituted dangerous activities because:

a.      it involved dangerous ultra-deepwater drilling activity for oil;

b.      it involved the retrieval, handling, and extraction of oil;

c.      it resulted in an explosion killing eleven individuals, injuring several others, and resulted in the discharge of crude oil into the Gulf of Mexico;

d.      it created a high degree of risk of harm to Plaintiff, among others;

e.      it created the likelihood that the harm caused by its drilling operations would be great due to the explosive and contaminating properties of oil; and

f.      in such other particulars as the evidence may show.

67.     The risks associated with BP's operations and activities required that such drilling be carried on at their peril, rather than at the expense of the innocent Plaintiff who suffered harm as a result of the drilling operation.

68.     At all times relevant to this action, BP was in control of Deepwater Horizon and its related drilling operations, as well as its personnel.

69.     The magnitude of the risk of BP's operations created a risk of physical harm to the coastal zones, the Gulf of Mexico, the Gulf Stream, and/or the territorial waters of the States bordering the Gulf of Mexico one which has and is continuing to be realized as a direct and

proximate result of the Oil Spill.

70.     The ultra-deepwater drilling was carried on by BP, from which it benefited, and it created a risk to Plaintiff that was not a usual risk reasonably anticipated by Plaintiff nor is it an activity that is usual to the their lives or businesses.

71.     As a direct and proximate result of the acts and omissions of BP, Plaintiff has suffered injuries and damages.

72.     BP is strictly liable for the acts and damage as described which resulted directly from activity under its control.

### PRAYER FOR RELIEF

73.     WHEREFORE, Plaintiff **HOS PORT, LLC** demands judgment against Defendants, jointly, severally, and in solido, as follows:

74.     Economic and compensatory damages in amounts to be determined at trial for loss of income and/or loss of profits and/or loss of income opportunities and/or earning capacity;

75.     Punitive damages to the fullest extent available under the law;

76.     Pre-judgment and post-judgment interest at the maximum rate allowable by law;

77.     Reasonable claims-preparation expenses;

78.     Attorneys' fees and costs of claim presentment and litigation; and

79.     Such other and further relief available under all applicable state and federal laws including but not limited to Federal General Maritime Law and the Oil Pollution Act of 1990 ("OPA"), 33 USC §2701 et seq., as well as any relief the Court deems just and appropriate.

### REQUEST FOR TRIAL BY JURY

80.     Plaintiff demands trial by jury.

13

Dated:  May 10, 2016                              Respectfully submitted,

 /s/  Calvin C. Fayard, Jr.   
Calvin C. Fayard, Jr. (La. Bar Roll #5486)
D. Blayne Honeycutt (La. Bar Roll #18264)
Wanda J. Edwards (La. Bar Roll #27448)
**FAYARD   AND   HONEYCUTT   APC**
519 Florida Avenue SW
Denham Springs, LA 70726
Telephone: (225) 664-4193
Facsimile: (225) 664-6925
calvinfayard@fayardlaw.com
wandaedwards@fayardlaw.com

Joseph F. Rice (S.C. Bar Roll #4710)
**MOTLEY RICE, LLC**
28 Bridgeside Blvd
Mount Pleasant, SC  29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9290
jrice@motleyrice.com